Argued and submitted February 27, affirmed April 17, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUGLAS EUGENE FULLER,
*Appellant.*

(36110; CA A32524)

698 P2d 502

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Linda R. Rodgers, Special Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this appeal from a conviction for burglary in the first degree, ORS 164.225, defendant, relying on what he contends is the state's failure to prove an essential element of the crime charged, requests this court to reverse and remand for entry of judgment for the lesser crime of burglary in the second degree.[1] We affirm.

The indictment, charging burglary in the first degree, alleges that defendant, while in the building, "was armed with a burglar's tool, to-wit: a hammer * * *." It is this element that elevates the crime to burglary in the first degree. Defendant used a rock to gain entry into a bottling plant. Once inside the building, he found a claw hammer, which he used to break into desk drawers. He was holding the hammer when the arresting officers first spotted him inside the office, their attention having been attracted to the area by the sound of pounding.

Defendant argues that the impulsive, random and unplanned picking up of the hammer inside the building for the purpose of breaking into desk drawers does not constitute being "armed with a burglar's tool" within the statutory meaning, so as to upgrade the burglary to a first degree classification. He says that the trial court, in trying this case without a jury, could only find him guilty of the lesser crime of burglary in the second degree.

■  The issue is whether the possession and use of a hammer, obtained after the accomplishment of the unlawful entry into a building, constitutes being "armed with a burglar's tool."[2] Relying on a plain reading of those statutes, we conclude that it does.

ORS 164.225(1)(a) provides, in pertinent part:

"A person commits the crime of burglary in the first degree

---

[1] The correctness of the classification is significant in the disposition of this case. Burglary in the first degree is a Class A felony, carrying a maximum prison term of 20 years; burglary in the second degree is a Class C felony, carrying a maximum term of five years.

[2] Although the question presented is not whether a hammer fits the statutory definition of a burglar's tool, it is clear that ORS 164.235 provides, *inter alia,* that a tool is a burglar tool if it is commonly used as such. There was testimony from two police officers that hammers are commonly used as burglar tools. *See State v. Warner,* 298 Or 640, 647, 696 P2d 1052 (1985).

if he violates ORS 164.215[3] and * * * in effecting entry *or* while in a building *or* in immediate flight therefrom he:

> "(a)   Is armed with a burglar's tool as defined in ORS 164.235 * * *." (Emphasis supplied.)

The term "burglar tool" is defined by ORS 164.235:

> "(2)   'Burglar tool' means an acetylene torch, electric arc, burning bar, thermo lance, oxygen lance or other similar device capable of burning through steel, concrete or other solid material, or nitroglycerine, dynamite, gunpowder or any other explosive, *tool,* instrument or other article *adapted, designed or commonly used for committing or facilitating a forcible entry into premises or theft by physical taking.*" (Emphasis supplied.)

Defendant interprets the statutes as saying that the burglar's tool must be brought to the scene and actually used forcibly to break into the building. He seems to be reading into ORS 164.225 a requirement of a specific intent by an accused to possess a "burglar's tool." Without such an intent or pre-planning in the possession of the hammer, he argues, he cannot be guilty of the first degree offense.

As the state points out in its brief, "defendant's analysis requires a grafting of the whole crime of possession into the first degree burglary statute." We reject defendant's argument and decide this case on the basis of the plain, ordinary meaning of the statutory language. Because the statutes are clear, there is no need to invoke any extrinsic aids for statutory construction to ascertain what the legislature may have intended.

■      We hold that being armed with a burglar's tool while in a building one has burglarized is burglary in the first degree. It matters not that defendant was not armed with the burglar's tool before or during the entry. The statute clearly describes three situations in which a burglar armed with a burglar's tool will be found guilty of first degree burglary: "in effectuating entry *or* while in the building *or* in immediate flight therefrom * * *." ORS 164.225(1). (Emphasis supplied.) The three situations are stated in the disjunctive. We cannot

---

[3]ORS 164.215(1) defines burglary in the second degree. "A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

read out of the statute the second and third situations when an accused is found with a burglar's tool in a building or when armed with a burglar's tool while fleeing from a building. Such an excision by judicial interpretation would require that we ignore the plain words of the statute. *See State v. Warner,* 298 Or 640, 647, 696 P2d 1052 (1985).

Affirmed.